UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY A. WINNERS,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-246-JD-MGG

WILLIAM HYATT, et al.,

    Defendants.

OPINION AND ORDER

Jeremy A. Winners, a prisoner without a lawyer, filed a complaint against eight separate defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On September 22, 2020, an electrical fire broke out in Winners' cell, near the cuff port. Officer J. Shaw saw the fire, dropped the cuff port for Winners to cuff up, and sprayed mace into the cell. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was

legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, it can be plausibly inferred that Winners could not cuff up because the fire prevented him from doing so, and that the use of mace under those circumstances was excessive. Accordingly, Winners may proceed against Officer Shaw for using excessive force on September 22, 2020.

Winners also asserts that Officer Caleb Tague sprayed him in the face with a fire extinguisher. Here, Officer Tague was using a fire extinguisher to put out a fire in Winners' cell. The facts do not suggest that the fire extinguisher was used maliciously to cause harm. Therefore, he may not proceed on this claim.

Following the fire, Winners was placed on "strip-cell" and his personal belongings were confiscated. This included legal work, letters, pictures, and totes. When his "strip-cell" status ended, the property could not be located. Winner has sued each of the eight named defendants for their role in losing or destroying his property. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an

2

adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. Therefore, these allegations do not state a claim.

For these reasons, the court:

(1) GRANTS Jeremy A. Winners leave to proceed against Officer J. Shaw in his individual capacity for monetary damages for using excessive force against him on September 22, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden William Hyatt, Sgt. Caleb Tague, Sgt. Callaway, Sgt. Imlay, Counciler Grove, Officer Jessica Sizemore, and Counciler Rensler;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer J. Shaw at the Indiana Department of Correction with a copy of this order and the complaint (ECF 4), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer J. Shaw respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 6, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT