UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY A. WINNERS,<br><br>      Plaintiff,<br><br>      v.<br><br>J. SHAW,<br><br>      Defendant. | CAUSE NO. 3:21-CV-246-JD-MGG |

OPINION AND ORDER

Jeremy Winners, a prisoner without a lawyer, is proceeding in this case "against Officer J. Shaw in his individual capacity for monetary damages for using excessive force against him on September 22, 2020, in violation of the Eighth Amendment[.]" ECF 10 at 3. Specifically, Winners alleged in his complaint that, after an electrical fire broke out near the cuff port in his cell, Officer Shaw dropped the cuff port for Winners to cuff up and sprayed mace into the cell. ECF 1 at 2. Officer Shaw filed a motion for summary judgment, arguing Winners failed to exhaust his administrative remedies before filing this lawsuit. ECF 24. Winners filed a response, and Officer Shaw filed a reply. ECF 35, 38. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Officer Shaw argues Winners did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance regarding Officer Shaw's alleged conduct but did not complete the appeal process as to that grievance. ECF 25 at 8-9. Specifically, Officer Shaw provides evidence that: (1) Winners submitted Grievance 118879 on September 29, 2020, complaining of the conduct alleged in his complaint (ECF 24-4 at 3); (2) the grievance office denied Grievance 118879 on November 20, 2020 (*Id.* at 7); (3) Winners submitted a Level I appeal to the warden, which was denied on December 16, 2020 (*Id.* at 1); and (4) Winners never submitted a Level II appeal to the Department Grievance Manager (ECF 24-1 at 6). Officer Shaw concludes that, because Winners never submitted a Level II appeal to the Department Grievance Manager, he failed to exhaust Grievance 118879. ECF 25 at 8-9.

In his response, Winners does not dispute Officer Shaw's assertion he did not exhaust Grievance 118879. *See* ECF 35. The court therefore accepts that as undisputed. Instead, Winners' response addresses only the merits of his claim against Officer Shaw, arguing he was not responsible for the fire in his cell and Officer Shaw used excessive force against him. ECF 35. However, these arguments are not relevant at this stage of the proceedings. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (holding that, where exhaustion is contested, the court must first determine whether the plaintiff exhausted his administrative remedies before addressing the merits of the case). Winners' response does not address whether he exhausted his administrative remedies prior to filing this lawsuit, which is the sole issue before the court. *See id.*; ECF 35. He does assert he "filed multiple grievances to be moved" to a different cell, but he does

3

not provide any information about these grievances or explain how they exhaust his excessive-force claim against Officer Shaw. Thus, because (1) the undisputed facts show Winners did not exhaust Grievance 118879, and (2) Winners does not allege or provide any evidence he submitted any other grievance relevant to his claim in this lawsuit, the undisputed facts show Winners did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted in favor of Officer Shaw.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 24);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment in favor of Officer Shaw and against Jeremy Winners and to close this case.

SO ORDERED on December 8, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT